IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allan J. Ricks, | No. CV-10-1543-PHX-ROS |
| Plaintiff, | **ORDER** |
| vs. | |
| Arizona State Credit Union; et. al., | |
| Defendants. | |

On July 21, 2010, Defendants timely removed this action to federal court. (Doc. 1). The Complaint alleges numerous violations of federal law, including the Fair Debt Collections Act. Federal law creates the cause of action and Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement in the Cloverly Subterranean, Geological Formation,* 524 F.3d 1090, 1100 (9th Cir. 2008). Federal question jurisdiction exists because the Complaint states claims arising under the Constitution or laws of the United States. 28 U.S.C. § 1331. The Court can also exercise supplemental jurisdiction under 28 U.S.C. § 1367. As such, Plaintiff's motions for remand (Docs. 10, 18) will be denied.[1]

---

[1] Plaintiff's motions for remand argue a lack of complete diversity. This case, however, was not removed on the basis of diversity.

On August 20, 2010, Defendants filed a motion to dismiss. (Doc. 7). The deadline for Plaintiff to respond was September 7, 2010. Plaintiff has not filed a response. Instead, on September 3, 2010, Plaintiff filed a "Petition Challenge to Jurisdiction and Remand to State Court" (the "Petition"), which was docketed as a response to Defendants' motion to dismiss and a motion for remand. (Docs. 9, 10). The Petition, however, argues this court lacks subject matter jurisdiction and requests remand.[2] The Petition does not respond to the motion to dismiss. Under Local Rule 7.2(i), Plaintiff's failure to respond may be deemed consent to grant the motion to dismiss. Defendants' motion to dismiss (Doc. 7) will be granted. Plaintiff will be ordered to file a motion for leave to amend his complaint establishing why amendment would not be futile and why the entire case should not be dismissed with prejudice.[3]

Accordingly,

**IT IS ORDERED** Plaintiff's motions for remand **(Docs. 10 and 18)** are **DENIED**.

**IT IS FURTHER ORDERED** Plaintiff's motion for "exigency hearing re motion for remand" **(Doc. 20)** is **DENIED**.

**IT IS FURTHER ORDERED** Defendants' motion to dismiss **(Doc. 7)** and motion for ruling **(Doc. 17)** are **GRANTED**.

**IT IS FURTHER ORDERED** Plaintiff shall file a motion for leave to amend his complaint on or before **January 26, 2011.** If no such motion for leave to amend is filed, the

. . .

. . .

. . .

---

[2] For the reasons above, this argument has been rejected.

[3] Defendants acknowledge defendant Wanslee is not a party to the motion to dismiss, but cite authority for why defendant Wanslee should also be dismissed. Plaintiff's motion for leave to amend should address all claims against all defendants. *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981) (Court may dismiss complaint after providing notice to plaintiff).

- 2 -

1 **Clerk of the Court** shall dismiss this action with prejudice without further order from the
2 Court.
3     DATED this 12th day of January, 2011.

/s/ Roslyn O. Silver
Roslyn O. Silver
United States District Judge